STATE OF RHODE ISLAND vs. HORACE E. SWEET.

PROVIDENCE—NOVEMBER 30, 1898.

PRESENT : Matteson, C. J., Stiness and Tillinghast, JJ.

(1) *Insane Persons.    Recovery of Expenses.    Liability of Town.*

In a suit by the State to recover the expenses of apprehending and detaining an insane person it is not necessary to aver and prove that he has an estate from which payment can be obtained.

The liability of the town for such expenses cannot be enforced if the person detained has such estate ; and an action against him by the State is a proper step to ascertain if he have an estate, and, if not, it may then proceed against the town which may be liable.

(2) *Practice.*

Such action brought solely in the name of the State and not "for the benefit of all persons interested," is maintainable ; the recovery, under the statute, will be for the benefit of interested parties even if not so stated in the writ.

And the State may sue at common law, independently of the statute, for necessaries furnished by itself.

ASSUMPSIT for expenses incurred in apprehending and detaining defendant as an insane person.    Heard on defendant's petition for a new trial.

(1)    STINESS, J.    The purpose of Gen. Laws R. I. cap. 82, §§ 4 and 5, is to state who shall be liable for the costs of apprehending and detaining a lunatic, and how they shall be collected. Section 4 provides that they shall be paid by him, " if he have any estate," otherwise by the State, in the first instance, until the liability of some town is admitted or ascertained ; and section 5 gives the right to the State to sue such person or town for the benefit of all persons interested.    The defendant claims that the words, "if he have any estate" create a condition precedent to the right to sue, and that it must appear that he has such estate in order to maintain the suit. We do not think that this is the meaning of the statute. The evident meaning of the words is that recourse to the town shall not be had if the person has an estate from which payment may be made.    The sections clearly imply that the

State may sue the party who is primarily liable, and levy execution on his estate if there is any. While this may not in all cases be necessary, it is a proper way to ascertain the fact whether he has any estate or not, and, if not, to have its claim upon the town which may be liable.

At the trial it was shown that the defendant has a guardian of his person and estate ; that he has been an inmate of the State insane asylum since January 11, 1888 ; that four dollars a week is a reasonable charge for his board, and that, over and above what has been paid by his guardian, the sum of $1,625 is due.

(2)    The defendant's counsel asked the court to charge that the plaintiff could not recover without showing affirmatively that the defendant has some estate, and that the action could not be maintained because it was brought solely in the name of the State and not " for the benefit of all persons interested." These requests were refused, and the defendant asks for a new trial on exceptions.

For the reasons stated, the first exception is overruled.

The second exception is also overruled for the reason that it appears that the State is the only party interested, and, if it were not, the recovery, under the statute, would be for the benefit of interested parties, when such interest exists, even if it were not so stated in the writ. We see no reason why the plaintiff is not entitled to sue at common law, independently of the statute, for necessaries furnished by itself. *Brookfield* v. *Allen*, 6 Allen, 585.

Petition for new trial denied, and case remitted to the Common Pleas Division for further proceedings.

*Willard B. Tanner, Attorney-General*, for the State.

*Edward D. Bassett and Edward L. Mitchell*, for defendant.